UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DWAYNE DELESTON, | Civil No. 11-711 (RHK/SER) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| FEDERAL BUREAU OF PRISONS, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be dismissed summarily pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.   BACKGROUND**

Petitioner is an inmate at the Federal Correctional Institution in Sandstone, Minnesota. He is serving a 240-month prison sentence imposed in a criminal action brought against him in the United States District Court for the District of South Carolina.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

This is not Petitioner's first application for a writ of habeas corpus under 28 U.S.C. § 2241. In a previous (unsuccessful) § 2241 action brought by Petitioner in the District of South Carolina, the Court provided the following history of Petitioner's criminal case:

> "On October 30, 2000, the petitioner pled guilty to one count of possessing with intent to distribute 50 grams or more of crack cocaine. On January 19, 2001, he was sentenced to the statutory mandatory minimum of 240 months imprisonment. The United States Court of Appeals for the Fourth Circuit denied his direct appeal on November 30, 2001, and the United States Supreme Court denied certiorari on April 1, 2002. [United States v. Deleston, 22 Fed.Appx. 206 (4th Cir. 2001) (unpublished opinion), cert. denied, 535 U.S. 977 (2002).]
>
> On January 2, 2002, the petitioner filed a motion pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 1651(a), which the court construed as a 28 U.S.C. § 2255 motion and dismissed on November 12, 2002. The petitioner subsequently filed a § 2255 motion on November 18, 2002, and the court dismissed that motion as successive. The petitioner appealed those decisions, and the Fourth Circuit vacated and remanded, determining that the petitioner was entitled to notice of the court's decision to re-characterize his first motion and the consequences of doing so. United States v. Deleston, 116 Fed. Appx. 454, 2004 WL 2677050 (4th Cir. Nov.24, 2004). The petitioner then filed another § 2255 motion on December 20, 2004, which the court considered on the merits and dismissed on May 2, 2005.
>
> Despite the dismissal of his § 2255 motion on the merits, the petitioner has continued to file § 2255 motions (either explicitly titled as such or otherwise so designated by the court). One such motion was filed on June 8, 2009, accompanied by a motion for an evidentiary hearing, and a motion for recusal. The court dismissed the § 2255 motion, and denied the petitioner's motions for evidentiary hearing and for recusal on December 9, 2009. The petitioner then filed a § 2241 petition six days after that order was entered. Deleston now files the instant § 2241 petition in another attempt to set aside his conviction and sentence."

Deleston v. Warden, C/A No. 6:10-2036-DCN-KFM, (D.S.C. Sept. 8, 2010), 2010 WL 3825399 at *1.

In the present action, Petitioner is once again attempting to challenge his 2001 South Carolina criminal conviction and sentence. The current petition lists two claims for relief, which, repeated verbatim and in their entirety, are as follows:

2

> (1) "On October 30, 2000, Movant plead [sic] guilty to count three of second superseding indictment no. 2:99-cr-751, by contract with the government but after the contract the government amended the offense without meeting Rule 6(f) requirements to obtain a harsher penalty, which voids that contract under Due Process. Obligations to count 3 was to a lesser included offense. The breached contract is a void contract that constitute [sic] no contract."
>
> (2) "On January 19, 2001, the District Court imposed a sentence that includes a 21 U.S.C. § 851 enhancement for having a final prior state contract obligation that only consisted punishment by the state once and no other agency. The state contract was to avoid trial and avoid imprisonment for the offense but due to the facts of the state contract existence Movant received 10 years imprisonment after contract was final by a third party breach."

(Petition, [Docket No. 1], p. 3.)

The Court finds, however, that Petitioner's current challenges to his 2001 federal criminal conviction and sentence cannot be brought in a § 2241 habeas corpus petition, for the reasons discussed below.

## II.   DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion

to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003).  No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255.  See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of his 2001 conviction and sentence in his South Carolina federal criminal case.  He claims that (1) the Government breached the terms of his plea agreement, by amending the charges against him after the agreement was made, and (2) his sentence included an erroneous enhancement.  Because Petitioner is challenging directly the validity of his original conviction and sentence, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255.  The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits.  Here, however, Petitioner is precluded from seeking relief under § 2255, because he has already sought such relief in the past, (apparently on multiple occasions) .  Any new request for § 2255 relief that might now come before

the trial court would have to be treated as a "second or successive" § 2255 motion; under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), such a motion requires trial approval from the circuit where Petitioner was convicted before the motion can be considered. 28 U.S.C. §§ 2244(b)(3) and 2255(h).

Without pre-approval from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). In this case Petitioner has not shown that he has obtained a pre-approval order from the Fourth Circuit Court of Appeals that would allow the trial court judge to entertain a new § 2255 motion. Therefore, it would not be appropriate to construe the present habeas corpus petition to be a § 2255 motion and then transfer this case to the trial court.

Furthermore, any § 2255 motion that Petitioner might attempt to bring before the trial court at this time would be time-barred under the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255(f). For this additional reason, it is inappropriate to construe the present petition to be a § 2255 motion requiring transfer to the trial court.

Petitioner might believe that his current petition is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can challenge his sentence in a § 2241 habeas proceeding, simply because he is not presently eligible for relief under § 2255, due to the restrictions on successive motions and the one-year statute of limitations. That reasoning is flawed.

The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is barred procedurally from bringing a § 2255 motion could simply argue that the statutory remedy has become "inadequate or ineffective," and that he

should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the rules governing successive § 2255 motions, and the statute of limitations, to be so easily evaded. Indeed, the Eighth Circuit Court of Appeals has confirmed expressly that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); Abdullah, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred"); United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions), cert. denied, 537 U.S. 869 (2002).

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963.

Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because he had a reasonable opportunity to raise his current claims for relief in his direct appeal, and again in his various § 2255 motions. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he failed to present his current claims in his direct appeal or his prior § 2255 motion. See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise [his] argument before the sentencing court").

Here, as in Abdullah, Petitioner had an opportunity to present his current arguments on direct appeal, and in his past § 2255 motions. As the Abdullah decision observed:

> "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

Based on Abdullah, the Court finds that the savings clause does not apply to Petitioner's current claims, because he has not shown, (or even suggested), that his claims are based on any new change in the law. Petitioner had an adequate procedural opportunity to raise his current claims in the past, and he is therefore barred from bringing those claims in a new § 2241 habeas corpus petition at this time.

### III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of his 2001 conviction and sentence in his criminal case in the District of South Carolina; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition

7

cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the rules governing successive petitions and the statute of limitations; (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule; and (5) because Petitioner has already had an adequate procedural opportunity to present his current claims, he cannot bring them in a § 2241 habeas corpus petition. Thus, the Court concludes that Petitioner's current habeas corpus petition cannot be entertained here, and that this action must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily DISMISSED for lack of jurisdiction.

Dated: March 31, 2011

                                              *s/Steven E. Rau*
                                              Steven E. Rau
                                              United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 15, 2011**, a writing which specifically identifies

those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.